UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case Number:**

MIKE PETINSKY,  :
Individually,  :
     :
      Plaintiff,  :
v.  :
     :
YMTE, INC.,  :
a Florida foreign for profit Corporation  :
     :
      Defendant(s).  :
_____ /

# **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MIKE PETINSKY, Individually, on his own behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiff"), hereby sues the Defendant, YMTE, INC., a Florida foreign for profit Corporation, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and Florida Accessibility Code ("FAC").

1. Defendant's property is located at 9701 N.W. 27th Avenue, Miami, Florida 33147 in the County of Miami-Dade.

2. Venue is properly located in the Southern District because venue lies in the judicial district of the property *situs*. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*   See also 28 U.S.C. § 2201 and § 2202.

1

4.	Plaintiff, MIKE PETINSKY, is *sui juris*, is a resident of Broward County, and qualifies as an individual with a disability as defined by the ADA. Plaintiff is paraplegic due to sever muscle disease, and requires a wheelchair to ambulate at all times. Plaintiff further has limited use of his hands because of his disability.

5.	The Plaintiff visited the property, which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant.

6.	Plaintiff encountered architectural barriers at the subject property, and/or has actual knowledge of the architectural barriers at the subject property, and place(s) of public accommodation described more fully herein. The barriers to access at the property are a danger to his safety.

7.	Defendant, YMTE, INC., own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is commonly known within the community as the 9701 NW 27th Ave., Shopping Plaza.

8.	Plaintiff, MIKE PETINSK, visited the 9701 NW 27th Ave., Shopping Plaza and purchased a good from one of Defendant's tenants, identified as Razek Food Market. A copy of Plaintiff's receipt is attached hereto as **Exhibit A**.

9.	Plaintiff has been injured and discriminated against because his full and equal enjoyment while shopping at the 9701 NW 27th Ave., Shopping Plaza and Razek Food Market was denied, hindered, and prevented by the presence of architectural barriers, and/or the policies, and/or

2

procedures the Defendant either failed to implement, or chose not to implement, in order to ensure that the goods, services, and facility are readily accessible to---and usable by patrons who use a wheelchair to ambulate at all times, like the Plaintiff.

10.     Plaintiff, MIKE PETINSK, intends to re-visit the 9701 NW 27th Ave., Shopping Plaza, but remains unable to do so as long as the architectural barriers remain, and the Defendant continues to fail and implement a policy and procedure to ensure that the goods, services, and facility are readily accessible to---and usable by patrons who use a wheelchair to ambulate at all times.

11.     Further, Plaintiff's full and equal enjoyment of the facility and place(s) of public accommodation will be infringed upon until all architectural barriers have been removed.

12.     Plaintiff, MIKE PETINSK has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to this property, as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desire to visit the below referenced place(s) of public accommodation to only to avail himself of the goods and services available at the subject property, but to assure himself that this property is in compliance with the ADA so that he, and others similarly situated will have the full and equal enjoyment of the property without fear of discrimination.

13.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject building as prohibited by 42 U.S.C. § 12182 *et seq*.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

   A. **The parking lot at 9701 NW 27th Ave., Shopping Plaza:**

   a. Defendant, fails to maintain its accessible features and fails to adhere to a policy, practice and procedure to ensure that its goods, services and facilities are readily accessible to and usable by disabled persons.

   b. There is an insufficient number of compliant accessible parking spaces and access aisles. Some spaces have improper slopes. Non-compliant curb ramps impede into access aisles. Some are improperly marked;

   c. There is a lack of compliant and direct accessible route connecting the parking spaces and all the features and elements of the facility. There is a lack of compliant curb approaches. There are poorly maintained and broken ground surfaces.

   B. **Architectural barriers inside the restroom at the Razek Food Market:**

   d. There are restrooms with inaccessible features. There is a lack of compliant grab bars. The commode is inaccessible. There is insufficient maneuvering space. Sinks are inaccessible. Hardware is improper. Amenities are improperly located.

   e. There are inaccessible counters.

   f. Defendant, fails to maintain its accessible features and fails to adhere to a policy, practice and procedure to ensure that its goods, services and facilities, like the public restroom located inside the tenant space, Razek Food Market, are readily accessible to and usable by disabled persons.

15. The discriminatory violations described in paragraph 14 (A)-(B) are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's

4

commercial facility and place(s) of public accommodation, in order to photograph and measure all of the discriminatory acts violating the ADA, and all of the barriers to access therein. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

16. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's commercial facility and place(s) of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*

18. Furthermore, the Defendant continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19.     Plaintiff is without adequate remedy at law, and is suffering irreparable harm. Plaintiff has retained the undersigned counsels and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

20.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to Defendant's commercial facility and place(s) of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22.     Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 4, 2014                                          Respectfully Submitted,

By: /s/ Camilo F. Ortega
Camilo F. Ortega, Esq.,
(Florida Bar No: 75387)
Of Counsel to the Law Offices of
Thomas B. Bacon Law
**THE LAW CENTER**
1888 NW 7 Street
Miami, FL 33125
Phone: (786)-452-9709

                                                               Fax: (305)-643-3334
                                                               E-Mail: camilo@thomasbaconlaw.com